IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELBERT LEE VAUGHT, IV,

        Plaintiff,　　　　　　　　　No.  2:09-cv-3422 MCE CKD P

   vs.

D. CLARK, et al.,

        Defendants.　　　　　　　ORDER

_____/

        Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff claims violations of his Eighth Amendment rights during periods of time that he was confined to his cell during lockdowns at High Desert State Prison.  (Dkt. No. 1 at 1-2.)  He seeks monetary damages for physical and psychological injuries resulting from the confinement and accompanying lack of exercise time.  (Dkt. No. 1 at 3-5.)  Defendants were employees at High Desert State Prison during the time period at issue.

        Both plaintiff and defendants have both filed motions to compel discovery.  (Dkt. Nos. 42, 43.)  In his motion to compel, plaintiff requests the appointment of counsel.  Defendants' motion for relief from deemed admissions is also before the court.  (Dkt. No. 51.)

/////

/////

I.  <u>Defendants' Motion to Compel</u>

On June 5, 2012, pursuant to Fed. R. Civ. P. 33, defendant B. Gower propounded a request for interrogatories, set one, on plaintiff.  Plaintiff served timely responses.  Defendants contend that plaintiff's responses to interrogatory nos. 7, 8, 10, 11, 12 and 13 are deficient and move for an order compelling him to answer same without objection.  Defendants also seek monetary sanctions in the sum of $200.00 for attorney fees and costs incurred in bringing the motion to compel.  The interrogatories and responses at issue are as follows:

<u>Interrogatory No. 7</u>

Does Elbert Lee Vaught claim that he suffered any physical injuries, physical condition, pain or disability as a result of the subject incident?  If so, with respect to all of the injuries, conditions, pain and disability, if any, that you claim resulted from the subject incident, please provide the following information:

    A.    The nature and severity of the physical injuries, conditions, pain or disability and date and approximate time at which he first experienced each up to the present time.

    B.    Set forth the name, address and telephone number of every hospital, medical facility, doctor, medical and dental professional, rehabilitation house or health care provider or facility from which he sought or obtained assistance, the type of assistance, consultation, examination or treatment provided, and the charges to date; also set forth the dates upon which he received the assistance, consultation, examination or treatment together with the name, title and telephone number of the records custodian for each such facility or person.

<u>Response to Interrogatory No. 7</u>

Plaintiff is currently waiting for an Olsen review of his medical file however defendnats have easier accesds [sic] than plaintiff to his medical file than he does, other information sought can be found in complaint and the 602's concerning lockdowns.

<u>Interrogatory No. 8</u>

For each injury identified in the preceding interrogatory, identify any complaints which Elbert Lee Vaught still has that he attributes to the incident which gave rise to this action and for each complaint give a description, its present status, and its frequency and duration.

/////

Response to Interrogatory No. 8

Same as No. 7.

Interrogatory No. 10

Following the incident, did Elbert Lee Vaught take any steps or engage in any activity or therapy whatsoever to diminish the pain and suffering that you claim he sustained as a result of the subject incident? If your answer is anything other than an unconditional "No," please set forth the following information specifically and in detail:

    A.    Describe specifically the steps that he took or the efforts that he made (Your answer should include, but not be limited to, physical therapy, acupuncture, pain management, etc.).

    B.    The nature of the injuries, pain, or disability from which he sought relief.

    C.    The date upon which he commenced his activity or therapy.

    D.    The date upon which he terminated his activity or therapy.

Response to Interrogatory No. 10

Same as No. 7

Interrogatory No. 11

Does Elbert Lee Vaught claim any emotional distress, mental anguish or psychological injury as a result of the subject incident? If so, please provide the following information:

    A.    The nature of the emotional distress or psychological injury, and date and time when it was first experienced.

    B.    Set forth the name and address of every psychiatrist counselor, therapist, psychologist or social worker from whom he sought or obtained assistance. Also set forth the date upon which he initially sought such assistance along with the name, title and telephone number of the records custodian for each person.

Response to Interrogatory No. 11

Same as No. 7.

3

1         Interrogatory No. 12

2         For each injury or condition identified in the preceding
interrogatory, identify any complaints which Elbert Lee Vaught still
3         has that he attributes to the incident which gave rise to this action
and for each complaint give a description, its present status, and its
4         frequency and duration.

5         Response to Interrogatory No. 12

6         Same as No. 7.

7         Interrogatory No. 13

8         Set forth the amount of compensation that you claim Elbert Lee
Vaught is entitled to as a result of his physical injuries, physical
9         conditions, pain, disability, emotional distress, and/or psychological
injuries, and set forth the specific method by which you calculated
10        each amount.

11        Response to Interrogatory No. 13

12        Objections: Entitlement can be found on original complaint.
Method by which calculated: 1) Guesstamation, 2) Animal cruelty
13        compasison, 3) Other like suits, 4) Common sense [sic]

14        Under the Federal Rules of Civil Procedure, interrogatories must be "answered

15 separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A party is obligated to

16 respond to the fullest extent possible and state any objections with specificity. Fed. R. Civ. P.

17 33(b)(3), (b)(4). While extensive research is not required, a reasonable effort to respond must be

18 made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D.Cal. Sep.

19 21, 2007). In a motion to compel, the moving party bears the burden of showing why the other

20 party's responses are inadequate or their objections unjustified. See Williams v. Cate, 2011 WL

21 6217378 at *1 (E.D. Cal. Dec. 14, 2011), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D.

22 Cal. Mar. 27, 2008). A district court has broad discretion in deciding whether to require answers

23 to interrogatories. See 8A Wright, Miller & Marcus, Federal Practice and Procedure §2176 at 311

24 and n.1 (Civil 2d ed. 1994).

25        To begin, interrogatory Nos. 8 and 12 ask plaintiff about injuries, conditions and

26 complaints that he is currently experiencing. The requested information is highly relevant to the

claims at issue and necessary for defendants to prepare their defense. Plaintiff's responses referring defendants to his "medical file," the complaint, and his "602's" are non-responsive, as information about what he is currently experiencing would not appear in those documents. Plaintiff should be able to respond fully to these interrogatories without referencing his medical records. Defendants' motion to compel will be granted as to interrogatory Nos. 8 and 12.

Interrogatory Nos. 7, 10, and 11 ask plaintiff about the nature and severity of his claimed physical and emotional injuries, and any treatment, activities, or therapy in which he has participated therefor. This requested information is highly relevant to the claims at issue in this case and necessary for defendants to prepare their defense. Again, plaintiff responded by referencing his "medical file," the complaint, and his "602's."

Rule 33(d) allows a responding party to respond to an interrogatory by producing business records. Although defendants do not make this particular argument, plaintiff's medical records are arguably not "business records" within the meaning of Rule 33(d). That rule applies to the business records "of the party upon whom the interrogatory has been served," and plaintiff's medical records are the business records of various hospitals and medical care providers and not his own business records. In addition, even when Rule 33(d) may be utilized, a responding party must "specify the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).

Referral to the complaint or deposition is also insufficient. See Rule 33(d) ("Each interrogatory must... be answered separately and fully in writing under oath."); see also. e.g., Smith v. Logansport Comm. School Corp., 139 F.R.D. 637, 650 (N.D. Ind. 1991) (an answer "should be complete in itself and should not refer to the pleadings, or to depositions, or other documents") (citing Moore's Federal Practice § 33.25[1] (2d ed. 1991)).

For these reasons, plaintiff's responses referring defendants to his complaint, his "medical file," and his "602's," without more specificity, are insufficient. Defendants' motion to

compel will be granted as to interrogatory Nos. 7, 10 and 11 and plaintiff will be ordered to respond fully to these interrogatories. Plaintiff has access to his own medical records and he may certainly consult them in formulating his responses. Plaintiff will also be permitted to produce specific portions of his medical records where responsive, but in doing so, he must comply with the portion of Rule 33(d)(1), as set forth above. In addition, should plaintiff choose to produce specific portions of his medical records for his response, he must additionally provide, to the best of his ability, any and all responsive information that does not appear in those records.

Finally, interrogatory No. 13 asks plaintiff for a specific dollar amount to which he claims he is entitled and the method he used to reach such a figure. Plaintiff responded with the methodology used but not the actual number. Defendants' motion to compel will be granted as to interrogatory No. 13 and plaintiff must respond with the amount of compensation to which he claims he is entitled.

In sum, defendants' motion to compel will be granted and plaintiff will be ordered to respond without objection within 14 days to interrogatory Nos. 7, 8, 10, 11, 12 and 13 of defendant B. Gowan's request for interrogatories, set one. The court declines to award sanctions under Rule 37(a)(5) at this time.

II. Plaintiff's Motion to Compel

Plaintiff's motion to compel seeks an order compelling defendants to respond or respond fully to his request for interrogatories, set one, his request for admissions, set two, and his request for production of documents, set two. He seeks $1,000.00 in "pro se fees" and sanctions.

Defendants assert that plaintiff's motion should be dismissed as untimely. The deadline to file motions to compel discovery expired on August 20, 2012. (Dkt. No. 41 at 6.) Plaintiff's motion to compel was filed the next day, on August 21, 2012. Plaintiff, who is an incarcerated, pro se plaintiff, has the benefit of the mailbox rule. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (citing Houston v. Lack, 487 U.S. 266, 270-71 (1988)). Applying the mailbox rule, plaintiff's motion to compel is deemed timely filed.

A.  Request for Interrogatories, Set One

On May 22, 2012, plaintiff propounded a (combined) request for interrogatories and production of documents, set one, on defendants. On July 23, 2012, defendants served their joint responses and objections. In his motion to compel, plaintiff seeks "an Order that Defendants answer plaintiff's First set of Interrogatories with more than just 'the plaintiff's request is so vague and ambiguous that the defendant cannot reasonably determine the scope of the requested information,' etc., for every interrogatory."[1]  (Dkt. No. 43 at 1-2.)

Defendants did in fact make the above noted objection to each of plaintiff's interrogatories in his request for interrogatories and production of documents, set one. Without waiving the stated objections, however, defendants went on to give a responsive answer to each interrogatory. Plaintiff's contention that defendants responded to his first set of interrogatories with nothing more than objections is simply not true. Plaintiff's motion to compel fails to identify with specificity which of defendants' interrogatory responses he believes to be deficient, and why he believes them to be deficient. As noted above, in a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified. See Williams, 2011 WL 6217378 at *1 ("Plaintiff bears the burden of informing the Court... for each disputed response, why Defendant's objection is not justified.... Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses."), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008). For these reasons, plaintiff's motion to compel further responses as to his request for interrogatories and production of documents, set one, will be denied.

B.  Request for Documents, Set Two and Request for Admissions, Set Two

On June 12, 2012, plaintiff propounded his request for production of documents, set two, and his request for admissions, set two, on defendants. Defendants served their responses

---

[1] Plaintiff does not identify any deficiency with defendants' production of documents.

7

1 late, on August 13, 2012.  In the meantime, before plaintiff received those responses, he filed his
2 motion to compel requesting an order that these "still unanswered" discovery requests "get
3 answered correctly."  Dkt. No. 43 at 1.  No further filings have been received from plaintiff
4 addressing the matter of defendants' late responses to plaintiff's request for documents, set two or
5 request for admissions, set two.  Since defendants have responded to these discovery requests,
6 albeit late, and plaintiff has not identified any deficiencies with those responses, plaintiff's motion
7 to compel will be denied as to his request for documents, set two and request for admissions, set
8 two.

        C.  <u>Sanctions</u>

10         Plaintiff requests $1,000 in "pro se fees" and sanctions.  Sanctions under Rule
11 37(a)(5) are awarded when a motion to compel is granted; here, however, plaintiff's motion will
12 be denied.  In addition, since plaintiff is a pro se litigant, he has not incurred attorney's fees in
13 bringing his motion to compel.  For these reasons, plaintiff's request for sanctions is denied.

        D.  <u>Appointment of Counsel</u>

15         Plaintiff also requests the appointment of counsel in his motion to compel.  The
16 United States Supreme Court has held that district courts lack authority to require counsel to
17 represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296,
18 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance
19 of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.
20 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
21 court does not find that the required exceptional circumstances exist.  Plaintiff's request for the
22 appointment of counsel will therefore be denied.

23 III. <u>Defendants' Motion for Relief from Deemed Admissions</u>

24         As set forth, defendants served their responses to plaintiff's request for admissions,
25 set two, after the deadline for their responses had expired, and approximately two weeks late.
26 Defendants' counsel states that defendants' responses were served late due to the failure of a

temporary staff member, who has since been terminated for an unrelated reason, to follow the protocols in place for the calendaring of responses to written discovery requests. Defendants' counsel first became aware of the request for admissions, set two, and request for production of documents, set two, after receiving a letter from plaintiff dated August 10, 2012. Defendants then promptly responded to the outstanding discovery. Defendants now move for relief from the deemed admissions pursuant to Fed. R. Civ. P. 36(b).

With respect to requests for admission, the Federal Rules of Civil Procedure provide that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3). As to the effect of an admission and its withdrawal or amendment:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party for any other proceeding.

Fed. R. Civ. P. 36(b).

Rule 36(b) presents a permissive standard, and whether a party is entitled to relief in the form of withdrawal or amendment of responses to requests for admissions lies within the discretion of the district court. Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007). A district court must consider both factors specified in Rule 36(b) before deciding a motion to withdraw or amend admissions, but may in addition consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits. Id. at 625.

As to the first factor, the court agrees with defendants that granting relief from the deemed admissions would promote the presentation of the merits of this action. Many of

plaintiff's requests for admission are either argumentative or appear to have been propounded simply in the hope that defendants will concede essential elements or contested issues in this case. This is not the purpose of requests for admission under Rule 36(b). See Conlon, 474 F.3d at 622 ("Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. The rule is not to be used... in the hope that a party's adversary will simply concede essential elements." (internal citation omitted)). If withdrawal or amendment is not allowed, for example, defendants will have effectively conceded that a constitutional violation occurred (Request for Admission Nos. 4, 7), and that defendants conducted searches in a particular manner in order to keep the facility on lockdown and receive security pay (Request for Admission No. 10), among other issues. (Dkt. No. 43 at 19-21.) Accordingly, the first prong of Rule 36(b) is met. See Conlon, 474 U.S. at 622 ("The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.").

It further appears that plaintiff will not be prejudiced by a granting of relief from the deemed admissions. The party relying on the deemed admissions has the burden of proving prejudice. Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). When undertaking a prejudice inquiry under Rule 36(b), a district court should focus on the prejudice that the non-moving party would suffer at trial. Conlon, 474 F.3d at 623. The Ninth Circuit has explained:

> The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

Hadley, 45 F.3d at 1348 (quoting Brook Vill. N. Assocs. v. Gen Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982)).

Here, plaintiff has not expressed opposition or otherwise responded to defendants' request for relief from the deemed admissions. In addition, there is currently no trial date set. For

these reasons, plaintiff fails to meet his burden of showing that allowing relief from the deemed admissions would prejudice him in maintaining this action at trial. Relief from the deemed admissions is warranted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel and for monetary sanctions (Dkt. No. 42) is GRANTED in part, to the extent that plaintiff is ordered to serve further responses to defendants' interrogatory nos. 7, 8, 10, 11, 12 and 13 within 14 days. As to the request for monetary sanctions, the motion is DENIED.

2. Plaintiff's motion to compel and for the appointment of counsel (Dkt. No. 43) is DENIED.

3. Defendant's motion for relief from deemed admissions (Dkt. No. 51) is GRANTED and defendants' admissions are hereby set aside. Defendants shall serve amended responses to plaintiff's request for admissions within 14 days.

Dated: October 31, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

vaug3422.mtc8